IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| **DANIELLE TESSIER,** | }<br>}<br>} |
| **Plaintiff,** | }<br>} |
| v. | } **CASE NO.:**<br>} |
| **ERIE CONSTRUCTION MID-WEST, INC.,** | }<br>}<br>}<br>} |
| **Defendant.** | } |

## COMPLAINT

**COMES NOW** the Plaintiff, Danielle Tessier ("Plaintiff" or "Ms. Tessier"), by and through her undersigned counsel, Law Office of James W. Friauf, PLLC; and, for her *Complaint* against Erie Construction Mid-West, Inc. ("Erie" or "Defendant"), avers as follows:

### I.     PARTIES

1.     Plaintiff, Danielle Tessier, is a resident citizen of the State of Tennessee, County of Knox.

2.     Defendant Erie Construction Mid-West, Inc., is a foreign corporation authorized to conduct business in the State of Tennessee and maintains its principal place of business in Toledo, Ohio. At all times material hereto, Erie is and was engaged in the construction industry. Upon information and belief, Erie employed 500 or more employees. Erie's registered agent is C T Corporation System. Service of process may be perfected at 300 Montvue Road, Knoxville, Tennessee 37919.

## II. JURISDICTION AND VENUE

3. Plaintiff re-alleges and incorporates by reference the averments of Paragraphs 1-2 herein, inclusive.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, in that this action is brought pursuant to Title VII of the Civil Rights Act of 1964 ("FLSA"), 42 U.S.C. § 2000e, *et seq*.

5. Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over the remaining cause of action averred in the Complaint brought pursuant to the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101, *et seq*. Such claim is so related to the claim within the original jurisdiction of this Court, it forms part of the same case or controversy.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in Knox County, Tennessee.

7. Plaintiff filed a charge of discrimination with the EEOC and received a Notice of Right-to-Sue; she has exhausted her administrative remedies.

## III. GENERAL ALLEGATIONS

8. Plaintiff re-alleges and incorporates by reference the averments of Paragraphs 1-7 herein, inclusive.

9. On March 6, 2020, Ms. Tessier commenced her employment with Erie.

10. She was an administrative assistant.

11. Tim Jackson ("Jackson") was the Regional Sales Manager.

12. He was Ms. Tessier's direct supervisor.

13. During Ms. Tessier's employment, Mr. Jackson made sexual advances toward her.

14. Ms. Tessier made clear to Jackson that she was not interested in a sexual relationship.

15. Ms. Tessier was in the process of a difficult breakup with her romantic partner.

16. Ms. Tessier indicated she was amenable to a plutonic friendship with Jackson.

17. Despite Ms. Tessier declining Jackson's sexual advances, he persisted.

18. Jackson's sexual advances included sending text messages.

19. Jackson invited Ms. Tessier and her daughter to a July 4 boating/camping trip at Norris Lake.

20. At the end of the day, Ms. Tessier placed her daughter in a spare-room bed in Jackson's camper for the night.

21. Uninvited, Jackson also laid down on the bed.

22. Ms. Tessier admonished Jackson for his inappropriate conduct.

23. After Ms. Tessier rebuffed Jackson's sexual advances, Jackson began criticizing Ms. Tessier's work performance while also continuing his sexual advances.

24. Jackson had never criticized Ms. Tessier's work performance before she declined his sexual advances in July.

25. Because she felt Jackson was threatening her job because she refused his sexual advances, Ms. Tessier felt pressure to send risqué photographs to Jackson.

26. In August or September, Jackson commenced a sexual relationship with another Erie employee in Indiana – Jill Meyer (Farr).

27. In late October, Erie posted Ms. Tessier's job to Indeed.

28. On November 11, 2020, Erie terminated Ms. Tessier's employment.

29. Upon information and belief, Jackson instigated Ms. Tessier's termination because she refused to capitulate to his sexual advances.

30. Erie's stated reasons for terminating Ms. Tessier – lack of work proficiency – were pretext for illegal retaliation.

## IV. CAUSE OF ACTION

Retaliation – (*Title VII and THRA*)

31. Plaintiff re-alleges and incorporates by reference the averments of Paragraphs 1-30 herein, inclusive.

32. Plaintiff refused to capitulate to her supervisor (Jackson)'s sexual advances.

33. As a direct and proximate result, Jackson instigated Plaintiff's termination by Erie.

34. Erie's stated reason for terminating Plaintiff's employment – poor work performance – was pretext for illegal retaliation.

35. The foregoing conduct violates the anti-retaliation provisions of Title VII and the THRA.

36. As a direct and proximate result of Erie's violations of Title VII and the THRA, Plaintiff has suffered injuries and damages.

## V. DAMAGES

37. Plaintiff re-alleges and incorporates by reference the averments of Paragraphs 1-36 herein, inclusive.

38. As a direct and proximate result of the averred acts, conduct, and violations of the law alleged herein, Plaintiff has suffered damages in an amount, and according to proof, including, but without limitation, lost wages, lost overtime wages, loss of benefits, lost interest on wages and benefits, actual monetary loss, inconvenience, embarrassment, humiliation, loss of lifetime earning capacity, and other incidental and/or consequential damages.

39. Plaintiff is further entitled to, and seeks recovery of, her reasonable attorney's fees and costs incurred pursuant to Title VII and the THRA.

40. Plaintiff further seeks an award of pre- and post-judgment interest as permitted by law.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff sues Defendants for damages, lost wages, lost overtime wages, and compensatory damages, directly and proximately resulting from Defendants' violations of the law as averred more fully herein in an amount to be awarded by a jury and/or the Court.

**WHEREFORE**, Plaintiff respectfully demands payment of his reasonable attorney's fees and costs incurred in bringing this action pursuant to Title VII and the THRA.

**WHEREFORE**, Plaintiff respectfully demands a jury be empaneled to hear this cause.

**WHEREFORE**, Plaintiff respectfully requests that this Court award such other and further relief as may be appropriate and assess the costs of this cause against the Defendants.

**Respectfully submitted** this _____ day of October 2021.

                              **DANIELLE TESSIER**

                              By: /s/ James Friauf
                              James W. Friauf (#027238)
                              LAW OFFICE OF JAMES W. FRIAUF, PLLC
                              9724 Kingston Pike
                              Suite 104
                              Knoxville, Tennessee 37922
                              Tele: (865) 236-0347
                              Fax: (865) 512-9174
                              Email: james@friauflaw.com
                              Our File No.: 20-188-EPL

                              *Attorney for Plaintiff, Danielle Tessier*